```
UNITED STATES DISTRICT COURT                       FOR ONLINE PUBLICATION
EASTERN DISTRICT OF NEW YORK                       ONLY
---------------------------------------------------------------- X
VICTOR J. JANICKI,                                :
                                                  :
                              Plaintiff,          :    MEMORANDUM
                                                  :    AND ORDER
        - against -                               :
                                                  :    09-CV-1792 (JG)
                                                  :
MICHAEL J. ASTRUE,                                :
COMMISSIONER OF SOCIAL SECURITY,                  :
                                                  :
                              Defendant.          :
---------------------------------------------------------------- X
```

A P P E A R A N C E S:

    VICTOR J. JANICKI
        220 Bryant Ave,
        Staten Island, NY 10303
        Plaintiff, *pro se*

    BENTON J. CAMPBELL
        United States Attorney
        Eastern District of New York
    By:   Kenneth M. Abell
        Megan Turek[*]
        Attorney for Defendant

JOHN GLEESON, United States District Judge:

        Victor Janicki challenges the decision of the Commissioner of Social Security that he was not disabled prior to September 30, 1997, the date his insured status expired. Based on the administrative record, the Commissioner now moves for judgment on the pleadings affirming his decision. Oral argument was heard on November 6, 2009. For the reasons stated below, I grant defendant's motion for judgment on the pleadings.

---

[*]    Megan Turek is a student intern who was permitted to argue the case on behalf of the Commissioner.

BACKGROUND

A.  *Plaintiff's History*

Janicki was born in 1942. He worked as a police officer and later as a firefighter. In 1992, after more than twenty years' service, Janicki took ordinary retirement from the New York City Fire Department. Aside from occasionally helping a friend's painting business, Janicki has not had a regular job since he retired.

Janicki's medical records indicate that he was treated sporadically for lower back and neck pain during the relevant period (1992-1997). In addition, Janicki fell off his bicycle in 1995 and suffered a fracture in his left hand. Tr. 70. In June 1997, Janicki was involved in a car accident and was treated thereafter for "neck muscle spasm." Tr. 76. After nine months of physical therapy, however, Janicki require no further care for another three years. Tr. 115. In 2005, Janicki underwent vascular surgeries on his legs; these surgeries did not relate to any condition that existed before 1997. *Id.*

B.  *Procedural History*

Janicki applied for disability insurance benefits on May 27, 2004. He claimed that he became disabled on August 28, 1992, and cited arthritis and leg spasms as conditions that limited his ability to work. Tr. 34. After his claim was initially denied, Janicki was granted a hearing. At the hearing, which was held on November 27, 2007, Janicki testified that he suffered from arthritis in his neck, shoulder and hips. Tr. 112. He stated that the arthritis began to interfere with his ability to work in about 1990, and "it just got progressively worse." Tr. 113. He "had to retire" from the Fire Department as a result of his arthritis, because he "couldn't take it out in the cold and wet no longer." *Id*.

In a decision dated December 6, 2007, Administrative Law Judge ("ALJ") PeterF. Crispino found that Janicki was not disabled prior to September 30, 1997. On February 26, 2009, the Appeals Council denied review, thereby making the ALJ's decision the final administrative decision in this case.

DISCUSSION

In order to be found eligible for disability benefits, Janicki needed to prove before the Commissioner that, "by reason of [a] medically determined physical or mental impairment ... which has lasted ... for a continuous period of not less than 12 months," 42 U.S.C. § 423(d)(1)(A), he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ... ." 42 U.S.C. § 423(d)(2)(A).[1]

On review, the question presented is whether the Commissioner's decision that Janicki is not entitled to disability benefits is supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (per curiam). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 31 (internal quotation marks omitted).

The Commissioner employs a five-step analysis in evaluating disability claims:

---

[1] Substantial work activity is defined as work that involves doing significant physical or mental activity. 20 C.F.R. § 404.1572. Work can be considered substantial even if it is done on a part-time basis or if less money is earned or less responsibility is associated with it than with previous employment. *Id.* Activities such as household tasks, hobbies, therapy, school attendance, club activities, or social programs are generally not considered to be substantial gainful activity. *Id.*

3

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a 'severe impairment' which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. ... [T]he claimant bears the burden of proof as to the first four steps, while the [Commissioner] must prove the final one.

*DeChirico v. Callahan*, 134 F.3d 1177, 1179-80 (2d Cir. 1998) (quoting *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982)); *see* 20 C.F.R. § 404.1520 (2005).

The plaintiff, or claimant, carries the initial burden of proving he is disabled within the meaning of the Act. 42 U.S.C. §§ 423(d)(5)(A); *see Draeger v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002). In other words, the claimant bears the burden through the first four steps described above. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).

ALJ Crispino followed the five-step procedure outlined above, reaching the conclusion at step two that Janicki had no "severe" impairment on or before September 30, 1997. After reciting the medical evidence and recounting Janicki's testimony, the ALJ noted that Janicki acknowledged he was "not under regular treatment for any condition prior to 1998." Tr. 14. The injuries Janicki sustained in the June 1997 car accident did not constitute a severe impairment within the meaning of the regulation because Janicki "recovered within nine months, and had no complaints for approximately three years after that." Tr. 14-15. As mentioned above, that decision constitutes the final decision of the Commissioner in this case.

4

I find that the ALJ reasonably concluded that Janicki did not meet his burden of proving that he was disabled before September 30, 1997. Nothing in Janicki's medical records indicates that he suffered any impairment that "significantly limit[ed] his physical or mental ability to do basic work activities" during the relevant period. *See DeChirico*, 134 F.3d at 1179. In addition, Janicki's hearing testimony did not establish that he a suffered a severe impairment prior to the expiration of his insured status. The ALJ's decision that plaintiff was not disabled during the relevant period was therefore supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g).

## CONCLUSION

Defendant's motion for judgment on the pleadings is granted.

So ordered.

John Gleeson, U.S.D.J.

Dated: November 6, 2009
Brooklyn, New York